

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00148-CR

MICHAEL PAUL HENDRIX, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2014-F-00198

Before Morriss, C.J., Moseley and Burgess, JJ.

# O R D E R

Appellant Michael Paul Hendrix was convicted of injury to a child and sentenced to sixty-five years' imprisonment in the Texas Department of Criminal Justice Correctional Institutions Division.[1]  His notice of appeal was timely filed August 24, 2015.  The clerk's record was filed October 20, 2015, and the reporter's record was filed February 2, 2016, making appellant's brief originally due March 3, 2016.  This Court extended the briefing deadline by thirty days on the motion of Hendrix' appointed appellate counsel, Edwin E. Buckner, Jr., making appellant's brief due April 4, 2016.  After counsel filed a second motion seeking an additional sixty-day extension of the briefing deadline, this Court ordered appellant's brief to be filed on or before May 4, 2016.  Despite the fact that counsel has now had over seventy days to prepare and file the appellate brief in this matter, no brief has been filed to date.

We note, for the record, that Hendrix has filed two pro se motions with this Court seeking abatement of the appeal to the trial for an evidentiary hearing under Texas Rule of Appellate Procedure 38.8(b) to inquire into the effectiveness of legal representation he has received in this matter.  He specifically alleges a complete absence of communication from Buckner regarding either the substance or status of his appeal.  We further note that Hendrix has directly written this Court on several occasions requesting updates on the status of the appeal.  While we do not grant the portion of Hendrix' motions seeking an evidentiary hearing in the trial court on the issue of ineffective assistance, we do hereby grant Hendrix' motions solely to the extent that they seek abatement to the trial court for the appointment of new appellate counsel.

---

[1]Hendrix' sentence was enhanced due to two prior convictions.

2

In the interest of justice and in light of the fact that Buckner failed to file a brief in the face of an order to do so, we abate this appeal to the trial court with directions to relieve Edwin E. Buckner, Jr., of his duties as appointed counsel in this matter and to appoint new counsel in his stead. The hearing is to be conducted within fifteen days of the date of this order. The trial court may also address other matters as it deems appropriate.

The trial court's order appointing new appellate counsel in this matter shall be entered into the record of the case and presented to this Court in the form of a supplemental clerk's record within fifteen days of the date of the hearing. *See* TEX. R. APP. P. 38.8(b)(3). The reporter's record of the hearing shall also be filed with this Court in the form of a supplemental reporter's record within fifteen days of the date of the hearing. *See id.*

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's and reporter's records discussed above. We will establish new briefing deadlines upon our receipt of the supplemental clerk's record identifying newly appointed counsel.

IT IS SO ORDERED.

BY THE COURT

Date: May 12, 2016

3